IN THE MATTER OF THE PETITION OF JOHN B. HASKIN, RESPONDENT, TO COMPEL HENRY FERRIS (APPELLANT), AN ATTORNEY, ETC., TO PAY OVER CERTAIN MONEYS.

*Order requiring an attorney to pay over money — only made as between attorney and client.*

The petitioner alleged that he was retained as counsel by the appellant, who acted as attorney for the commissioners appointed to open a street; that it was agreed that the petitioner's fees and charges should be $500; that they were taxed and certified at that amount; that the appellant undertook to, and did, collect that amount, but neglected and refused to pay it over, and the petitioner applied for an order that the attorney pay the money over to him. The attorney filed an answer denying all the allegations of the petition. This appeal was taken from an order appointing a referee to take proof as to the facts.

*Held*, that the facts alleged showed that the relation existing between the parties was not that of attorney and client, but that of debtor and creditor, and that the controversy between them should be settled in an action, and not on a summary application to the court.

APPEAL by Henry Ferris from an order appointing a referee to take proof of the facts set forth in the petition herein.

*Coudert Brothers* and *Paul Fuller*, for the appellant.

*Abel Crook*, for the petitioner.

DYKMAN, J.:

The petition, which is at the foundation of this proceeding, states that Ferris was the attorney for the commissioners appointed to make and grade the Fordham and Pelham avenue, and the petitioner was the counsel retained in the same matter, and advised with the attorney. That shortly before the taxation of the expenses of the improvement, the petitioner agreed with the attorney that his, the petitioner's, fees and charges ought to be $500 ; that they were taxed and certified at that sum, and the attorney undertook to collect the money and pay it over to the petitioner ; that he did collect it, and refuses to pay it over on request, and the court is asked to make an order for the summary payment of the money by the attorney.

The attorney filed an answer denying that he retained the petitioner as counsel ; that he ever agreed that his charges ought to be $500, and that he ever undertook to collect that sum for him. Thereupon a referee was appointed to take proof in relation to the facts set up in the petition, and an appeal is taken from that order.

If the facts stated in the petition do not make a case which calls for the summary interposition of the court in behalf of the petitioner, for the collection of his claim, then the order of reference ought not to have been made. It is not every debt due from a lawyer that can be collected by order of the court. Attorneys have the same right to have their liabilities established in the ordinary channels of the law as other persons, except where the claim is for money received for their clients. In such cases the courts deal with them as their own officers, and compel a proper discharge of the duties they owe to their clients.

In this proceeding it will be observed that the petition does does show the relation of attorney and client between Ferris and the petitioner. On the contrary, it plainly shows that that relation did not exist, but that Ferris was the attorney, and the petitioner the counsel for the same clients. Then the statement is,

that the attorney undertook to collect the fee of the counsel, and pay it over to him, and that he has collected it and refuses to pay it over. This statement establishes the relation of debtor and creditor, and no other. It shows that the attorney has collected money for the counsel in the same proceeding, at his request, and has failed to pay it over. There is here no reason connected with the dignity of the court, or the proper conduct of its attorneys, calling for the exercise of any jurisdiction which the court has over them as its own officers.

Especially in view of the fact that the principal allegations in the petition are denied in the answer, the controversy should be settled in the manner of all disputed claims.

The record shows that but one sum of $500 was allowed for fees of attorney and counsel to the commissioners, and Mr. Ferris claims that belonged to him, and not to the petitioner. Whether it did or not can be most satisfactorily determined by an action in the ordinary mode of trial.

The order appealed from should be reversed, with costs and disbursements.

BARNARD, P. J., and GILBERT, J., concurred.

Order reversed, with costs and disbursements.